1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10  PLATYPUS WEAR, INC. dba BAD BOY BRANDS, a Nevada corporation, | Case No. 2:15-cv-00650 |
| 11 | **COMPLAINT FOR TRADEMARK** |
| 12                                      Plaintiff, | **INFRINGEMENT, LANHAM ACT VIOLATIONS, STATE AND COMMON** |
| 13  v. | **LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT** |
| 14  BAD BOYS BRANDS, LLC,  a Washington limited liability company, TREE FARM | **JURY TRIAL DEMANDED** |
| 15  MEDIA GROUP, LLC, a Washington limited liability company, WILLIAM GRAHAM | |
| 16  HNEDAK, a Washington resident, and JOSHUA LOPER, a Washington resident, | |
| 17 | |
| 18                                      Defendants. | |

19     For its Complaint, Platypus Wear, Inc. d/b/a Bad Boy Brands ("Bad Boy Brands" or

20  "Plaintiff"), by and through the undersigned counsel, alleges as follows:

21                              **THE PARTIES**

22     1.     Plaintiff Platypus Wear, Inc. is a Nevada corporation with its principal place of

23  business located at 2411 Second Avenue, San Diego, California 92101.  At all relevant times,

24  Platypus Wear, Inc. has done business as Bad Boy Brands.

25
26
27

Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 1
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

2.      Upon information and belief, Defendant Bad Boys Brands, LLC (hereafter "BBB, LLC") is a limited liability company formed in December 2014, organized and existing under the laws of the State of Washington, and based in King County, Washington.

3.      Upon information and belief, Defendant Tree Farm Media Group, LLC is a limited liability company formed in May 2014 and organized and existing under the laws of the State of Washington, with its principal place of business in Skagit County, Washington.

4.      Upon information and belief, Defendant William Graham Hnedak (hereafter "Hnedak") is an individual residing in Skagit County, Washington, the chief executive officer of Defendant BBB, LLC, the principal of Defendant Tree Farm Media Group, LLC and is doing and/or has done business as Bad Boys Brands and Bad Boys Blend.  Upon information and belief, Defendant William Graham Hnedak is also known as Graham Hnedak.

5.      Upon information and belief, Defendant Joshua Loper (hereafter "Loper") is an individual residing in this district and the president of Defendant BBB, LLC.

## JURISDICTION AND VENUE

6.      This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as common law trademark infringement, state and common law unfair competition, and common law unjust enrichment.

7.      This Court has subject matter jurisdiction over the federal trademark infringement and Lanham Act violations pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b).

8.      This Court has supplemental jurisdiction over the common law trademark infringement, state and common law unfair competition, and common law unjust enrichment claims pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over Defendants because BBB, LLC and Tree Farm Media Group, LLC are Washington limited liability companies that offer their goods and/or services for sale in this district and Hnedak and Loper are residents of the State of Washington, Defendants have committed acts of trademark infringement and unfair

Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 2
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

competition in this district, and Defendants have placed infringing products into the stream of commerce in this district.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants are residents of this district, and the claim arose in King County.

## STATEMENT OF THE CASE

11.     Plaintiff Bad Boy Brands has done business as Bad Boy Brands for at least ten years and has owned relevant United States common law and/or statutory trademark rights in the mark BAD BOY for up to approximately thirty years.  Notwithstanding Plaintiff's long pre-existing rights, in 2014, Defendants began offering products and/or services for sale under Plaintiff's BAD BOY marks, including the very same products for which Plaintiff holds a federal trademark registration.  Plaintiff therefore brings this action seeking, *inter alia*, to enjoin Defendants' infringement.

## PLAINTIFF BAD BOY BRANDS' BUSINESS AND ITS TRADEMARKS

12.     Bad Boy Brands has been in business since approximately 1984 and is in the business of licensing the use of its intellectual property, including its BAD BOY brand, in the United States and around the world.

13.     Bad Boy Brands has licensed its BAD BOY brand throughout the world, including in the United States, Canada, Mexico, Australia, Japan, China, Brazil, South Africa, the United Kingdom, France, Poland, Russia, Singapore, South Korea and other countries.

14.     Bad Boy Brands and its licensees have sold and been involved with a wide range of BAD BOY branded products, including but not limited to, apparel, sporting goods, athletic gear, gyms, accessories, school products, food products, beverage products and many more product categories.

15.     For approximately thirty years or more, Bad Boy Brands and/or its predecessors-in-interest have been the exclusive owner of the relevant United States common law and/or statutory trademark rights in the mark BAD BOY.  Indeed, Bad Boy Brands is the

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 3**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

registered owner of the following United States trademark registrations with respect to the

BAD BOY word mark.[1]

| Mark | Reg. No. | Goods / Date of first use in commerce | Filing Date/ Registration Date |
|---|---|---|---|
| **BAD BOY** | 2,045,529 | Class 25. Men's, women's and children's clothing, namely shirts, knit tops, woven tops, pants, shorts, volleyball shorts, hats, visors, swim trunks, T-shirts, tank tops, jackets, sweatshirts, sweatpants, belts, headbands, wristbands, vests, and shoes. FIRST USE: 19820100. FIRST USE IN COMMERCE: 19830100 | Filed: Sept. 18, 1995 Reg.: Mar. 18, 1997 |
| **BAD BOY** | 3,667,065 | Class 28. Boxing gloves; fight gloves used for fighting, mixed martial arts and other combat sports; focus mitts used for training boxers, fighters, mixed martial artists and other combat athletes; training gloves used for training boxers, fighters, mixed martial artists and other combat athletes; elbow pads, knee pads, shin guards, arm guards and mouth guards all for athletic use. FIRST USE: 20081120. FIRST USE IN COMMERCE: 20081120. | Filed: Apr. 28, 2000 Reg.: Aug. 11, 2009 |
| **BAD BOY** | 3,702,967 | Class 16: Decals; stickers. FIRST USE: 19890000. FIRST USE IN COMMERCE: 19890000. | Filed: July 24, 2008 Reg.: Oct. 27, 2009 |
| **BAD BOY** | 3,746,515 | Class 35. Promotional services, namely, promoting and sponsoring athletes and promoting and sponsoring athletic and sporting competitions; publicity agents. FIRST USE: 19930320. FIRST USE IN COMMERCE: 19950117. | Filed: June 30, 2009 Reg.: Feb. 9, 2010 |

---

[1] Bad Boy Brands also owns numerous other BAD BOY and related design marks, not specifically detailed herein, which are relevant to Bad Boy Brands' longstanding rights with respect to the BAD BOY brand and related designs in the United States and throughout the world.

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 4**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

| Mark | Reg. No. | Goods / Date of first use in commerce | Filing Date/ Registration Date |
|---|---|---|---|
| **BAD BOY** | 3,865,270 | Class 18:  All-purpose athletic bags; back packs.  FIRST USE:  19950000.  FIRST USE IN COMMERCE:  19950000. | Filed:  Mar. 30, 2009<br>Reg.:  Oct. 19, 2010 |
| **BAD BOY** | 4,198,846 | Class 09.  Downloadable audio and video recordings featuring documentaries of athletes, instruction in relation to fighting and mixed martial arts, interviews with athletic trainers and coaches, and interviews with athletes and other personalities.  FIRST USE:  20120412.  FIRST USE IN COMMERCE:  20120412. | Filed:  Aug. 31, 2009<br>Reg.:  Aug. 28, 2012 |
| **BAD BOY** | 4,702,718 | Class 35.  Retail store services featuring apparel, footwear, headwear, equipment for various sports and games, sport bags, bags and backpacks; wholesale store services featuring apparel, footwear, headwear, equipment for various sports and games, sport bags, bags and backpacks.  FIRST USE:  1995.  FIRST USE IN COMMERCE:  1995. | Filed:  Apr. 1, 2014<br>Reg.:  Mar. 17, 2015 |

(True and correct copies of these U.S. Trademark Certificates of Registration are attached hereto, and incorporated, as **Exhibit 1**.)  These U.S. registered trademarks are collectively referred to herein as the "BAD BOY Registered Trademarks."  The BAD BOY Registered Trademarks, together with other common law rights owned by Bad Boy Brands in the BAD BOY and related design marks, are sometimes collectively referred to as the "BAD BOY Trademarks."

16.     Plaintiff has been doing business under the business name Bad Boy Brands since at least 2004 and, beginning in 2004, has filed fictitious business name statements in the name of Bad Boy Brands with the county clerks for San Diego County, California and Clark County, Nevada.

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 5**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

17.     Over the years, Bad Boy Brands, its predecessors-in-interest and licensees, have invested substantial sums of money in the United States and around the world in building the BAD BOY brand and marketing and promoting, *inter alia*, the BAD BOY Trademarks and products bearing those trademarks.

18.     As a part of the investment in marketing and promotion, Bad Boy Brands has for years operated websites related to its use of the BAD BOY Trademarks, www.badboybrands.com and www.badboy.com, through which goods bearing the BAD BOY Trademarks are available for purchase over the Internet in the United States and elsewhere. Bad Boy Brands has been operating the www.badboybrands.com and www.badboy.com websites since at least 2005.

19.     Bad Boy Brands' authorized licensees also maintain websites around the world through which goods bearing the BAD BOY Trademarks are available for purchase over the Internet in the United States and elsewhere.

20.     Bad Boy Brands also has marketed and promoted products bearing its BAD BOY Trademarks through social media pages, including operating Facebook and Twitter pages located at https://www.facebook.com/badboybrands and https://twitter.com/badboy, since at least 2010.

21.     Through these and other longstanding marketing and promotion efforts, and extensive and continuous use, Bad Boy Brands, its predecessors-in-interest and its licensees have generated substantial goodwill associated with the BAD BOY Trademarks in the United States and around the world.

22.     In addition, Bad Boy Brands has vigorously policed and defended the distinctiveness of the BAD BOY Trademarks, preserving the unique association between such trademarks and Bad Boy Brands.

23.     Through its efforts and those of its licensees, Bad Boy Brands is known as the exclusive source of products and services legitimately bearing the BAD BOY Trademarks.

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 6**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

24.     The BAD BOY Trademarks are inherently distinctive in connection with the goods and services for which Bad Boy Brands and/or its licensees use the marks in commerce. In addition, because of the extensive use and promotion of the BAD BOY Trademarks over many years in numerous channels of trade, these marks have acquired distinctiveness within the marketplace.

## DEFENDANTS AND THEIR CRIMINAL BACKGROUNDS

25.     Upon information and belief, Defendant Hnedak formed Defendant Tree Farm Media Group, LLC on or about April 29, 2014.

26.     Upon information and belief, Defendant Hnedak is the principal of Tree Farm Media Group, LLC.

27.     Upon information and belief, Defendants Hnedak and Loper, and perhaps others, formed Defendant BBB, LLC on or about December 30, 2014.

28.     Upon information and belief, Defendant Hnedak is the chief executive officer of Defendant BBB, LLC.

29.     Upon information and belief, Defendant Loper is the president of Defendant BBB, LLC.

30.     Upon information and belief, Defendants BBB, LLC, Hnedak and Loper boast to consumers that BBB, LLC was formed and is operated by ex-convicts.

31.     Upon information and belief, Defendant Loper is a convicted felon.

32.     Upon information and belief, Defendant Hnedak is a convicted felon who has served prison sentences in both Washington and Tennessee.

33.     Upon information and belief, Defendant Hnedak was the subject of a Problem Solver investigation by Seattle television station KOMO, and his criminal history has been the subject of multiple segments aired by KOMO.

34.     Upon information and belief, numerous articles and blogs devoted to Defendant Hnedak and his criminal history are available to consumers on the Internet; among those

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 7**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

articles are articles published on the website www.komonews.com that describe Defendant Hnedak as:

>  a) Someone who has "made a career out of spinning tales of trouble, gaining sympathy and money and leaving a trail of victims;"

>  b) A "convicted con man" who "chooses his victims carefully, playing on their sympathy before bleeding them dry;" and

>  c) Preying on "vulnerable adults," including the disabled and the elderly.

35. Upon information and belief, Defendant Hnedak previously served nearly four years in prison in Tennessee.

36. Upon information and belief, on or about April 8, 2011, Defendant Hnedak was sentenced to forty-four months in state prison by the Honorable Carol Schapira, Judge of the King County Superior Court.

37. Upon information and belief, Defendants began their unlawful and infringing activities alleged herein shortly after Hnedak's release from Washington state prison.

## DEFENDANTS' UNLAWFUL AND INFRINGING ACTIVITIES

38. Upon information and belief, Defendants began doing business using Bad Boy Brands' BAD BOY Trademarks, without authorization, in 2014.

39. Long after Bad Boy Brands first began use in commerce of the BAD BOY Trademarks, and long after those marks became well known in the market place, Defendants began selling, *inter alia*, apparel, including t-shirts and hoodie sweatshirts, and food and beverage products, using the marks BAD BOY and BAD BOYS.

40. Amongst other things, Defendants have marketed and/or sold, market and/or sell and/or have imminent plans to market and/or sell, *inter alia*, "Limited Edition Authentic Bad Boy Shirts," "Bad Boys Gear," including apparel such as hoodie sweatshirts, "Bad Boys Athletic Shorts," t-shirts referred to as "Bad Boys Signature Tagline Gear," "Bad Boys Blend Coffee" and "Bad Boys Bites Healthy Snacks."

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 8**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

41.     Long after Bad Boy Brands first began use in commerce of the BAD BOY Trademarks, and long after those marks became well known in the market place, Defendant Hnedak registered the domain names www.badboysbrands.com, www.badboysblend.com, www.badboysgym.com and www.badboysathletic.com, and Defendants began offering apparel and food and beverage products using the mark BAD BOYS for sale on and/or through these websites, as well as on third party websites such as www.teespring.com.

42.     Long after Bad Boy Brands first began use in commerce of the BAD BOY Trademarks, long after those marks became well in the market place and long after Bad Boy Brands began operating its website www.badboybrands.com, Defendants began operating a website at www.badboysbrands.com on which they promote Defendants Hnedak, Loper and others as "Bad Boys," and market and promote their products bearing Bad Boy Brands' BAD BOY Trademarks, *inter alia*, as follows:

- "[Official Gear] Unleash your inner Bad Boy … Do it in our hoodie;"
- "We're bringing you all of the best Bad Boys Gear™ you can get your hands on;"
- "[F]or the ultimate Bad Boy, we offer our Sexy Signature Reserve Black on Black Hoodie;"
- "Bad Boys Athletic Gear is on the way for Spring 2015;" and
- "Be the baddest thing in your gym this spring - do it in our Bad Boys Athletic Shorts."

43.     Long after Bad Boy Brands first began use in commerce of the BAD BOY Trademarks, long after those marks became well known in the marketplace and long after Bad Boy Brands began operating the Facebook page located at https://www.facebook.com/badboybrands, Defendants established a Facebook page located at https://www.facebook.com/badboysbrands in or about late 2014.

44.     On the Facebook page located at https://www.facebook.com/badboysbrands, Defendants, *inter alia*, hold their merchandise out to consumers as the "Ultimate in Bad Boy Gear" and market and promote their products bearing Bad Boy Brands' BAD BOY

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 9
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Trademarks, *inter alia*, as follows:

- "Our Black on Black Signature Reserve Hoodie is the Ultimate in Bad Boy Gear."
- Start your day with the best gourmet coffee from your favorite Bad Boys.
- "We are all things Bad Boy. Are you?"
- "Whether you're an Authentic Bad Boy who did time, a Bad Boy at heart, or a lover of Bad Boys, we thought it would be mighty nice to offer you a chance to sport some Official Bad Boy Gear™ of your own."

45.    Long after Bad Boy Brands first began use in commerce of its BAD BOY Trademarks, and long after those marks became well known in the market place, Defendants first began marketing and/or selling or, at a minimum, making imminent plans to begin selling, *inter alia*, products and/or services using the marks BAD BOYS GYMS, BAD BOYS ATHLETIC, BAD BOYS BLEND COFFEE, BAD BOYS GEAR, BAD BOYS FARMS SALSA, BAD BOYS FARMS, BAD BOYS BITES HEALTHY SNACKS, and BAD BOYS SUPPLY.

46.    Plaintiff Bad Boy Brands has not consented to, sponsored, endorsed, or approved Defendants' use of the terms BAD BOY or BAD BOYS on any products or services.

47.    Defendants' use of the terms BAD BOY and BAD BOYS in commerce in connection with their products and/or services is likely to confuse, mislead and deceive the public as to the origin of the goods, or cause these persons to believe that the products have been sponsored, approved, authorized or licensed by Bad Boy Brands, and/or that Defendants are in some way affiliated or connected with Bad Boy Brands.

48.    The valuable reputation of Bad Boy Brands and the goodwill in the BAD BOY brand has been and is likely to be diminished by its association with Defendants' products, services and websites.

49.    In addition, Defendants' unauthorized use of Bad Boy Brands' BAD BOY brand brings disrepute to Bad Boy Brands' BAD BOY brand by virtue of, *inter alia*,

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 10
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  Defendants' criminal history alleged herein, including Defendant Hnedak's lengthy, serious

2  and well-publicized criminal history.

3     50.    By using the terms BAD BOY and BAD BOYS, Defendants are causing a

4  likelihood of confusion.  Defendants are also causing "initial interest confusion" through the

5  use of the BAD BOY and BAD BOYS terms on-line in connection with, *inter alia*, the website

6  www.badboysbrands.com and the Facebook page www.facebook.com/badboysbrands, because

7  consumers searching the Internet for Bad Boy Brands' BAD BOY brand are likely to find

8  Defendants' website and Facebook page and mistakenly believe that they are affiliated with or

9  sponsored by Bad Boy Brands.

10     51.    Defendants are trading off of the goodwill in Bad Boy Brands' BAD BOY

11  brand by using the terms BAD BOY and BAD BOYS in the same marketing channels,

12  including the Internet, to offer the same goods (apparel including t-shirts and hoodie

13  sweatshirts) to the same customers (individual consumers) as those offered by Plaintiff Bad

14  Boy Brands under its BAD BOY marks.

15     52.    Bad Boy Brands has requested that Defendants cease their acts of trademark

16  infringement and unfair competition, and has given Defendants actual notice of Plaintiff's

17  rights in the BAD BOY marks, but Defendants willfully refuse to cease their unlawful acts of

18  trademark infringement and unfair competition.

19  ## COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

20     53.    Bad Boy Brands incorporates and realleges herein all of the foregoing

21  paragraphs of this Complaint as if fully set forth in this paragraph.

22     54.    Bad Boy Brands owns valid and enforceable federal trademark registrations for

23  the BAD BOY Registered Trademarks.

24     55.    Bad Boy Brands' trademark rights in the BAD BOY Registered Trademarks are

25  senior to the alleged rights, if any, of Defendants.

26     56.    Bad Boy Brands has not authorized Defendants to use the BAD BOY

27  Registered Trademarks, or any copy, colorable imitation, or confusingly similar mark.

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 11
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

57.     Defendants have been, were, are and/or are making imminent plans to be, using, reproducing, counterfeiting, copying and colorably imitating the BAD BOY Registered Trademarks and applying such reproduction, counterfeit, copy or colorable imitations to their goods and/or services, including, *inter alia*, to apparel including t-shirts, hoodie sweatshirts, athletic shorts and food and beverage products intended to be used in commerce, or in connection with the sale, offering for sale, and distribution of goods and/or services, including in Defendants' website domain name and Facebook page.

58.     Such reproducing, counterfeiting, copying, and colorably imitating, and/or imminent plans to reproduce, counterfeit, copy and colorably imitate, by Defendants on and/or in connection with goods and/or services has caused and is likely to cause or continue to cause confusion, mistake and deception among the purchasing public as to source or origin.

59.     Defendants' acts, as herein alleged, constitute infringement of Bad Boy Brands' registered trademarks under 15 U.S.C. § 1114.

60.     Defendants continue to carry out these acts of infringement with knowledge of and in conscious disregard of Bad Boy Brands' prior and senior rights, and with intent to harm Bad Boy Brands' goodwill in those marks, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

61.     The actions of Defendants have damaged and will continue to damage Bad Boy Brands' business, market, reputation and goodwill, and may discourage current and potential customers from dealing with Bad Boy Brands.  Such irreparable damage will continue unless the acts of Defendants are enjoined.

62.     As a direct and proximate result of the infringing actions of Defendants, Bad Boy Brands has suffered damages in an amount that will be shown at trial, including by reference to the amount of revenues that Defendants have generated through sales of BAD BOY(S) branded products and/or any other appropriate evidence.

63.     Bad Boy Brands is entitled to receive a disgorgement of Defendants' profits flowing from their unauthorized use of the confusingly similar marks in connection with, *inter*

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 12
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

*alia*, the sale and/or offering for sale of apparel, food and beverage products and related goods and/or services.

64.     Based on the willful conduct of Defendants in connection with their infringing use of the BAD BOY Registered Trademarks, Bad Boy Brands is entitled to recover treble damages, prejudgment interest, and an award of its attorneys' fees and costs.

65.     In the alternative, Plaintiff may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

66.     Bad Boy Brands has been, is and will continue to be, damaged by Defendants' willful trademark infringement in a manner and amount that cannot be fully measured or compensated in economic terms, for which there is no adequate remedy at law.

67.     Bad Boy Brands has suffered and is suffering irreparable harm as a result of the knowing and willful infringement by Defendants, and Bad Boy Brands is entitled to preliminary and permanent injunctive relief barring Defendants from using any mark that is confusingly similar to the BAD BOY Registered Trademarks.  Bad Boy Brands is also entitled to seizure and destruction of the infringing goods.

## COUNT II – FEDERAL UNFAIR COMPETITION
## UNDER LANHAM ACT § 43, 15 U.S.C. § 1125(a)

68.     Bad Boy Brands incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

69.     Bad Boy Brands' BAD BOY Trademarks have become uniquely and distinctively associated with Bad Boy Brands as the source or origin of high quality products sold or licensed by Bad Boy Brands.

70.     Defendants' use of, and/or imminent plans to use, the marks BAD BOY and BAD BOYS, and other confusingly similar marks, in connection with retail sales of apparel, food and beverage products and related goods and/or services, including in their website domain names and Facebook page, is likely to cause confusion, mistake, or deception among the purchasing public as to the affiliation, connection or association between Bad Boy Brands

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 13**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

and Defendants with respect to such retail sales.  Such conduct constitutes a false designation of origin in violation of the federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

71.    Upon information and belief, the false designation of origin by Defendants is and has been knowing, intentional, and in bad faith.

72.    As a direct and proximate result of the actions of Defendants, Bad Boy Brands has suffered damages in an amount that will be shown at trial.

73.    As a direct and proximate result of Defendants' willful and deliberate conduct, Bad Boy Brands has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proven at trial.

74.    Bad Boy Brands' injuries from the knowing and willful false designation of origin by Defendants cannot be adequately remedied with money damages.

75.    Bad Boy Brands has suffered and is suffering irreparable harm as a result of the knowing and willful unfair competition by Defendants.  Monetary damages alone cannot compensate Bad Boy Brands for the detrimental and unreasonable harm that Defendants have and will continue to cause to Bad Boy Brands.  For these reasons, Bad Boy Brands seeks, and is entitled to, preliminary and permanent injunctive relief prohibiting Defendants from using confusingly similar terms in connection with their products and services.  Bad Boy Brands is also entitled to seizure and destruction of the infringing goods.

76.    As a direct and proximate result of the actions of Defendants, Bad Boy Brands is entitled to receive a disgorgement of their profits flowing from their unauthorized use of copies or colorable imitations of the BAD BOY Trademarks, or any confusingly similar marks.

77.    Based on the willful conduct of Defendants, Bad Boy Brands is entitled to recover an award of treble damages, prejudgment interest, and its attorneys' fees and costs.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

78.    Bad Boy Brands incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 14
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

79.     Through Bad Boy Brands' extensive and continuous use and promotion of the BAD BOY Trademarks, Bad Boy Brands has established and acquired protectable and proprietary trademark rights under the common law for its BAD BOY Trademarks.

80.     Bad Boy Brands' BAD BOY Trademarks are inherently distinctive and have acquired strong distinctive designation for Bad Boy Brands' and its licensees' goods and services.

81.     Bad Boy Brands has not authorized Defendants to use any marks that are confusingly similar to the BAD BOY Trademarks.

82.     Defendants have used, were using, are using and/or have imminent plans to use, in interstate commerce, the marks BAD BOY and BAD BOYS in connection with products and/or services, and in particular, in connection with retail sales of products including apparel, food and beverage products, and related goods and/or services, including in their website domain names and Facebook page.

83.     Such use by Defendants of the marks BAD BOY and BAD BOYS in connection with retail sales of such products and/or services has caused and is likely to cause or continue to cause confusion, mistake and deception among the purchasing public as to source or origin.  Such conduct constitutes trademark infringement in violation of Bad Boy Brands' common law rights.

84.     Upon information and belief, the use by Defendants, and/or their imminent plan to use, the infringing mark in connection with retail sales of products and/or services, including, *inter alia*, apparel, food and beverage products and related goods and/or services, including in their website domain names and Facebook page, has been with knowledge of Bad Boy Brands' prior and senior rights in the BAD BOY Trademarks and with an intent to harm Bad Boy Brands' goodwill in those marks.

85.     By virtue of Defendants using the terms BAD BOY and BAD BOYS in connection with their products and/or services, Bad Boy Brands has suffered and will continue to suffer great damage to its business, goodwill, and reputation.

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 15**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

86.     Defendants' use of the terms BAD BOY and BAD BOYS in connection with their products and services has irreparably harmed and will continue to irreparably harm Bad Boy Brands.

87.     Defendants continue to carry out their acts of infringement in conscious disregard of Bad Boy Brands' rights.

88.     If Defendants are permitted to continue their willful and deliberate acts of infringement, Bad Boy Brands will continue to be irreparably harmed.  Monetary damages alone cannot compensate Bad Boy Brands for the harm that Defendants have and will continue to cause to Bad Boy Brands.  For these reasons, Bad Boy Brands seeks and is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using confusingly similar terms in connection with their products and/or services.

89.     As a direct and proximate result of the infringing actions of Defendants, Bad Boy Brands has suffered damages in an amount that will be shown at trial.

90.     As a direct and proximate result of the infringing actions of Defendants, Bad Boy Brands is entitled to receive a disgorgement of Defendants' profits flowing from their unauthorized use of the confusingly similar mark in connection with their retail sales of products and/or services including, *inter alia*, apparel, food and beverage products and related goods and/or services.

91.     The above-described conduct of Defendants was oppressive, malicious and fraudulent and in conscious disregard for Bad Boy Brands' rights.  Defendants are therefore liable for exemplary and punitive damages.

92.     Bad Boy Brands' injuries from the knowing, willful and malicious infringement by Defendants of Bad Boy Brands' rights in the BAD BOY Trademarks cannot be adequately remedied with money damages.

93.     Bad Boy Brands has suffered and is suffering irreparable harm as a result of the knowing, willful and malicious infringement by Defendants, and Bad Boy Brands is entitled to preliminary and permanent injunctive relief barring Defendants from using any mark that is

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 16**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

confusingly similar to the BAD BOY Trademarks.  Bad Boy Brands is also entitled to seizure and destruction of the infringing goods.

### COUNT IV – UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES UNDER RCW 19.86.020

94.     Bad Boy Brands incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

95.     Defendants activities identified herein constitute an unfair method of competition in business and an unfair trade practice in business, which is damaging to the public interest, in violation of Washington Consumer Protection Act, RCW 19.86.020.

96.     Defendants' use of the terms BAD BOY and BAD BOYS, which mimic and infringe upon Bad Boy Brands' trademarks, has been and is knowingly, willfully, and deliberately a fraudulent representation.

97.     As a direct and proximate result of the knowing, willful and deliberate conduct of Defendants, Bad Boy Brands has suffered and will continue to suffer, substantial injuries, loss, and damages to its business and goodwill in an amount to be proven at trial.

98.     If Defendants are permitted to continue their willful and deliberate acts of infringement, Bad Boy Brands will continue to be irreparably harmed.  Monetary damages alone cannot compensate Bad Boy Brands for the harm that Defendants have and will continue to cause.  For these reasons, Bad Boy Brands seeks and is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using confusingly similar terms in connection with its products and/or services, and to recover treble damages and attorneys' fees.

### COUNT V – COMMON LAW UNFAIR COMPETITION

99.     Bad Boy Brands incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

100.     Notwithstanding Bad Boy Brands' long-established and prior common law and statutory rights in the BAD BOY Trademarks, Defendants have used, reproduced, copied, or colorably imitated, and/or have imminent plans to use reproduce, copy, or colorably imitate,

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 17
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

the BAD BOY Trademarks without Bad Boy Brands' consent, in connection with retail sales of, *inter alia*, apparel, food and beverage products and related goods and/or services, including in their website domain names and Facebook page, in a manner which is likely to cause confusion, mistake or deception among the purchasing public as to source or origin. Defendants' conduct constitutes unfair competition in violation of the common law.

101.   Upon information and belief the unfair competition by Defendants is and has been knowing, intentional and in bad faith.

102.   As a direct and proximate result of the unauthorized and confusing use and/or imminently planned use by Defendants of the BAD BOY mark, and confusingly similar marks, in connection with retail sales of, *inter alia*, apparel, food and beverage products and related goods and/or services, Bad Boy Brands has suffered damages in an amount that will be shown at trial.

103.   Based on Defendants' willful and malicious conduct, Bad Boy Brands is entitled to an award of prejudgment interest and its attorneys' fees and costs.

104.   Bad Boy Brands' injuries from the knowing, willful and malicious unfair competition by Defendants cannot be adequately remedied with monetary damages.

105.   Bad Boy Brands has suffered and is suffering irreparable harm as a result of the knowing, willful and malicious unfair competition by Defendants, and Bad Boy Brands is entitled to permanent injunctive relief barring Defendants from unfairly competing with Bad Boy Brands.

## COUNT VI – COMMON LAW UNJUST ENRICHMENT

106.   Bad Boy Brands incorporates and realleges herein all of the foregoing paragraphs of this Complaint as if fully set forth in this paragraph.

107.   Defendants have benefited by using the terms BAD BOY and BAD BOYS in connection with selling products and/or providing services.

108.   This benefit has been conferred on Defendants at the expense of Plaintiff Bad Boy Brands.

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 18
Case No. 2:15-cv-00650

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

109.    Defendants are aware of the benefit that has been conferred upon them.

110.    Under the circumstances, Defendants' retention of this benefit at the expense of Bad Boy Brands is inequitable.

111.    By using the terms BAD BOY and BAD BOYS in connection with their products and services, Defendants have been unjustly enriched at the expense and to the detriment of Plaintiff Bad Boy Brands.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bad Boy Brands prays for entry of judgment in its favor and against Defendants as follows:

A.    A preliminary and permanent injunction restraining and enjoining Defendants, and all of their officers, employees, agents, representatives, successors, subsidiaries, parents, affiliates and assigns, and all persons in active concert or participation with any of them, from using the terms "BAD BOY," "BAD BOYS," or any other term or name, alone or in combination with other words or symbols, which is confusingly similar to the BAD BOY mark, or which is likely to cause confusion or mistake or to deceive, including any use on the Defendants' websites and on the Internet;

B.    A preliminary and permanent injunction restraining and enjoining Defendants, and all of their officers, employees, agents, representatives, successors, subsidiaries, parents, affiliates and assigns, and all persons in active concert or participation with any of them, from seeking federal registration of the terms "BAD BOY" or "BAD BOYS," alone or in combination with any other words or symbols, which is confusingly similar to the BAD BOY mark, or which is likely to cause confusion or mistake or to deceive;

C.    An order requiring Defendants to deliver to Bad Boy Brands all products, labels, marketing, promotional and other materials in their possession, custody, or control bearing the terms "BAD BOY" or "BAD BOYS," or any other term or name, alone or in combination with other words or symbols, which is confusingly similar to the BAD BOY mark, or which is likely to cause confusion or mistake or to deceive;

**Complaint for Trademark Infringement, Lanham Act Violations, State and Common Law Unfair Competition, and Unjust Enrichment - 19**
**Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

D.      An order requiring Defendants to discontinue use of the terms "BAD BOY" or "BAD BOYS" on and in connection with any website, including the websites located at www.badboysbrands.com, www.badboysblend.com, www.badboysathletic.com and www.badboysgym.com, and requiring Defendants to transfer the aforementioned domain names to Bad Boy Brands;

E.      An order requiring Defendants to file with this Court and serve upon Bad Boy Brands within thirty (30) days after the entry of the permanent injunction(s) a report, in writing and under oath, setting forth in detail the manner and form in which they have complied with the injunction(s);

F.      That Defendants be required to pay Bad Boy Brands such damages as Bad Boy Brands has sustained, or will sustain, in consequence of Defendants' false description and representation, false designation of origin, unfair competition and trademark infringement, and to account for all gains, profits, and advantages derived by Defendants that are attributable to such unlawful acts; and that such damages be trebled against Defendants, as provided by 15 U.S.C. § 1117, RCW 19.86.090, and as otherwise authorized;

G.      In lieu of actual damages and profits under 15 U.S.C. § 1117(a), should Plaintiff so elect, an award of statutory damages against each Defendant, to be increased to the maximum permitted by law, for their acts of willful infringement;

H.      That the Court adjudge this to be an exceptional case and require Defendants to pay over to Plaintiff the costs of this action, including reasonable attorneys' fees and interest, and treble damages, as provided by 15 U.S.C. § 1117, RCW 19.86.090, and as otherwise authorized;

I.      That Defendants be ordered to pay Plaintiff prejudgment and post-judgment interest on all sums allowed by law; and

J.      An award to Bad Boy Brands of such other and further relief as this Court shall deem just.

Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 20
Case No. 2:15-cv-00650

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**JURY DEMAND**

Bad Boy Brands hereby demands a trial by jury on all issues so triable.


DATED this 27th day of April, 2015.


ROHDE & VAN KAMPEN PLLC

s/ *Al Van Kampen*

Al Van Kampen, WSBA No. 13670
*avk@rvk-law.com*
David E. Crowe, WSBA No. 43529
*DCrowe@rvk-law.com*
Attorneys for Plaintiff Platypus Wear, Inc. dba
Bad Boy Brands

*Of Counsel*:
Karen B. King, Esq.
2411 Second Avenue
San Diego, California 92101
(619) 525-2270
*kking@badboy.com*

**Complaint for Trademark Infringement, Lanham Act
Violations, State and Common Law Unfair Competition, and
Unjust Enrichment - 21
Case No. 2:15-cv-00650**

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353